UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTOPHER S. STARKGRAF,

                Plaintiff,

    v.

WHITE, *et al.*,

                Defendants.

Case No. C23-5593-RJB-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff Kristopher S. Starkgraf, proceeding *pro se* and *in forma pauperis*, is an individual confined at the Pierce County Jail (the "Jail"). Plaintiff has filed an amended complaint alleging deprivation of his constitutional rights related to his placement within the Jail and resulting assaults he suffered. (Am. Compl. (dkt. # 10) at 8-59.)

This matter comes before the Court on: (1) Plaintiff's "Motion to Strike Defendant from Complaint" ("Plaintiff's Motion" (dkt. # 21)); and (2) Defendants' "Motion to Dismiss Pursuant to FRCP 12(b)(6)" ("Defendants' Motion" (dkt. # 18)). Plaintiff seeks to dismiss claims against Corrections Officer Hamilton. (Pl.'s Mot.) No opposition to Plaintiff's Motion was filed.

REPORT AND RECOMMENDATION - 1

1    Defendants contend that Plaintiff's claims against Defendants Corrections Officer
2    Rocklin Severson and Pierce County should be dismissed for failure to exhaust his
3    administrative remedies prior to bringing this action. (Defs.' Mot. at 4-5.) Plaintiff filed a
4    response to Defendants' Motion, agreeing that Officer Severson should be dismissed but
5    opposing dismissal of Pierce County. (Pl.'s Resp. (dkt. # 22).) Defendants filed a reply (Defs.'
6    Reply (dkt. # 23)), and Plaintiff filed a surreply (Pl.'s Surreply (dkt. # 24)).
7    Having considered the parties' motions, the governing law, and the balance of the record,
8    the Court recommends that: (1) Plaintiff's Motion (dkt. # 21) be GRANTED; and (2)
9    Defendants' Motion (dkt. # 18) be GRANTED in part and DENIED in part.

## II. BACKGROUND

### A. Plaintiff's Claims

On November 20, 2023, this Court directed Plaintiff's first amended complaint be served on Defendants Pierce County, Officer Severson, Officer Hamilton, and Corrections Officers White, Place, Antone, and Avega (collectively, "Defendants"). (Dkt. ## 13-14.)

In his first count, Plaintiff alleges that on May 26, 2023, Officer Severson moved him from his cell in Unit 4 West A to "overcrowded, dormitory style housing" for the general population in Unit 2-C, where there were fights nearly every day. (Am. Compl. at 9, 11.) Plaintiff alleges the housing placement was inappropriate due to his mental health needs and, as a result, he was assaulted by other inmates on June 18, 2023, causing him head, neck, and jaw injuries. (*Id.* at 10, 36.) Plaintiff alleges Fourteenth Amendment due process claims on the grounds that Officer Severson and Pierce County disregarded an obvious and substantial risk of harm created by their failure to properly screen inmates. (*Id.* at 8, 12-17, 21.)

Plaintiff alleges in his second count that, shortly after the assault, Officer White engaged in excessive force and retaliated against Plaintiff's exercise of free speech by injuring his wrist, face, and shoulder after Plaintiff called him a "piece of shit." (Am. Compl. at 33-40.) Plaintiff alleges Officer White violated his First and Fourteenth Amendment rights. (*Id.* at 33, 40, 43.) During that incident, Plaintiff alleges Officers Hamilton, Place, Avega, and Antone acted with deliberate indifference by watching as Officer White was injuring him and failing to intervene. (*Id.* at 47-51.) Plaintiff alleges Pierce County maintains a custom of allowing excessive force and fails to adequately train staff. (*Id.* at 50.) Plaintiff alleges he filed grievances about the issue but Officer Place ignored Officer White's misconduct. (*Id.* at 53-54.)

In his third count, Plaintiff appears to allege state law claims based on the same conduct by Officer White. (Am. Compl. at 55-59.) In his prayer for relief, Plaintiff seeks a declaration that Defendants' acts violated his First, Eighth, and Fourteenth Amendment rights and constituted battery and assault; $555,000 in damages; and reasonable attorney's fees and costs. (*Id.* at 60.)

B.  **Administrative Remedy Allegations**

In his amended complaint, Plaintiff alleges he "sought to exhaust administrative remedies as required by prison policy, and was only able to file a grievance on defendant 'White's' misconduct[.]" (Am. Compl. at 2.) Plaintiff states that the "grievance [number] and medical records and doctors notes will/can be provided upon discovery." (*Id.*) Plaintiff alleges the responses he received were insufficient, as follows:

> When Plaintiff filed his grievances on the kiosk about "White's" misconduct, Sergeant "Place" (Defendant "Place") responded to his grievances by ignoring "White's" misconduct entirely and turned focus on trying to say Plaintiff had no injuries, even though medical notes say different.

(*Id.* at 53.)

REPORT AND RECOMMENDATION - 3

### III.   DISCUSSION

#### A.   Plaintiff's Motion

Plaintiff moves to dismiss claims against Officer Hamilton because "Plaintiff has learned that 'HAMILTON' is the incorrect name of the [corrections officer]" Plaintiff intended to bring claims against. (Pl.'s Mot. at 1.) No opposition to Plaintiff's Motion has been filed. Accordingly, the Court recommends Plaintiff's Motion be granted and all claims against Officer Hamilton be dismissed.

#### B.   Defendants' Motion

Based on Plaintiff's failure to exhaust his administrative remedies prior to filing suit, Defendants seek to dismiss claims against Officer Severson for failure to properly screen Plaintiff for classification into general population and against Pierce County for maintaining a custom of not screening. (Defs.' Mot. at 2, 4-5.) Plaintiff agrees claims against Officer Severson should be dismissed because he did not include Officer Severson in the list of corrections officers in his grievances related to classification and excessive force allegations. (Pl.'s Resp. at 1.) Plaintiff contends, however, that he has adequately pleaded a claim against Pierce County for its policy of failing to screen for classification. (*Id.* at 1-2.) Plaintiff further contends any failure to exhaust should be excused because he "was only able to exhaust his administrative remedies as much as possible that his head injury would allow." (*Id.*)

On reply, Defendants contend Plaintiff's argument is vague and provides no information as to how his alleged injuries prevented him from grieving the classification claims against Pierce County when he was able to grieve the excessive force claims against Officer White.

REPORT AND RECOMMENDATION - 4

(Defs.' Reply at 2.) On surreply, Plaintiff argues he "cannot express specific reasons about his injuries" because he has not been given his medical records.[1] (Pl.'s Surreply at 1.)

As initial matters, the parties agree that claims against Officer Severson should be dismissed because Plaintiff failed to name him when pursuing administrative remedies. (Defs.' Mot. at 2; Pl.'s Resp. at 1.) The Court therefore recommends Plaintiff's claims against Officer Severson be dismissed without prejudice. With regard to claims against Pierce County, the Court also observes that Defendants make no argument that excessive force claims should be dismissed. Plaintiff's amended complaint alleges that "Pierce County . . . maintained a custom of allowing excessive force[.]" (Am. Compl. at 50.) Consequently, Plaintiff's excessive force claims against Pierce County are not subject to Defendants' Motion, and therefore, should not be dismissed.

       1.      Legal Standards

Where the parties provide evidence of exhaustion or non-exhaustion, a motion to dismiss must be considered under the summary judgment standard. *Draper v. Rosario*, 836 F.3d 1072, 1079 (9th Cir. 2016) ("[T]he proper procedure for raising non-exhaustion is by moving for summary judgment rather than by filing an unenumerated Rule 12(b) motion."). "But in those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim." *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014). Here, because the parties have provided no evidence regarding exhaustion, Defendants' Motion must be considered under Rule 12 standards.

---

[1] The Court will not consider Plaintiff's Surreply. Local Civil Rule ("LCR") 7(g)(2) provides that a party may file a surreply only for the purpose of requesting that material contained in, or attached to, a reply brief be stricken, and that "a surreply filed for any other reason will not be considered." LCR 7(g)(2). Plaintiff's Surreply merely contains arguments in response to Defendants' Reply, and therefore, is not properly before the Court. Nonetheless, the Court's disposition of these matters would not have been altered by consideration of Plaintiff's Surreply.

REPORT AND RECOMMENDATION - 5

1  "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).

A local government unit, municipality, or county can be sued as a "person" under § 1983. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691(1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id.* A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury, and must demonstrate that the municipality, through its deliberate conduct, was the "moving force" behind the injury alleged. *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

2. Exhaustion

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under the PLRA, a prisoner must exhaust "available" administrative remedies before filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), *accord*, *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that

1  exhaustion is mandatory under the PLRA"); *Albino*, 747 F.3d at 1165. The prisoner must

2  complete the administrative review process in accordance with the applicable rules. *Woodford*,

3  548 U.S. at 92-95 (finding "proper" exhaustion means full compliance with all procedural

4  requirements of an institution's grievance process). If administrative remedies have not been

5  exhausted at the time an action is brought, the action must be dismissed without prejudice. *See*

6  *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).

7        Defendants argue Plaintiff failed to exhaust administrative remedies for claims against

8  Pierce County related to classification. (Defs.' Mot. at 5.) Plaintiff's amended complaint states

9  he "sought to exhaust his administrative remedies as required by prison policy, and was only able

10 to file a grievance on defendant 'White's' misconduct[.]" (Am. Compl. at 2.) In his response to

11 Defendants' Motion, Plaintiff contends he did file grievances related to the "classification

12 issues" that are the basis of his claims against Pierce County. (Pl.'s Resp. at 1-2.) Plaintiff

13 contends his grievances addressed Officer White's and "other named defendants' inactions and

14 failure-to-act, causing Plaintiff's injuries as a result of lack of proper classification." (*Id.* at 2.)

15       The Court notes that exhaustion is not required to be pleaded as it is an affirmative

16 defense. *Albino*, 747 F.3d at 1166 ("Failure to exhaust under the PLRA is 'an affirmative defense

17 the defendant must plead and prove.'" (quoting *Jones*, 549 U.S. at 204, 216)). In fact, "a plaintiff

18 is not required to say anything about exhaustion in his complaint." *Id.* at 1169. Moreover, on this

19 motion to dismiss, the Court must construe all allegations in the light most favorable to Plaintiff.

20 *Reese*, 643 F.3d at 690.

21       Given these mandates, the Court finds it would be inappropriate to interpret Plaintiff's

22 amended complaint to mean that he did not raise classification issues in any of his grievances.

23 There is currently no record before the Court, the Court has not reviewed any of the alleged

REPORT AND RECOMMENDATION - 7

1  grievances, and there is no dispute that Plaintiff filed grievances. In their reply, Defendants did

2  not challenge Plaintiff's contention that he raised the classification issue in his grievances.

3        On reply, Defendants argue that because Plaintiff's *Monell* claim "is directed at and only

4  connected to the actions of Defendant Severson[,]" Plaintiff's admission that he did not mention

5  Officer Severson in his grievances means that he also failed to exhaust administrative remedies

6  for his claims against Pierce County. (Defs.' Reply at 1-2.) Arguing "exhaustion of

7  administrative remedies is required for *Monell* claims[,]" Defendants cite a recent case where the

8  Seventh Circuit determined a plaintiff had successfully exhausted his *Monell* claim where he

9  "complained in his grievance that the correctional officer did not respond in the heat of the

10  attack, and his theory [in the § 1983 litigation] is that the [Sheriff's] Department's vertical

11  cross-watching policy prevented a timely response in that moment." *Bowers v. Dart*, 1 F.4th 513,

12  518 (7th Cir. 2021); Defs' Mot. at 4-5; Defs.' Reply at 2.

13        Here, Plaintiff contends he raised the classification issue in his grievances. (Pl.'s Resp. at

14  1-2.) Plaintiff alleges in his complaint that the assault by other inmates—and Officer White's

15  ensuing excessive force—were a direct result of the failure to classify properly. (Am. Compl. at

16  10.) Plaintiff's grievance and his *Monell* claim are at least as connected as the grievance and

17  *Monell* claim in *Bowers*. Moreover, the Seventh Circuit's decision in *Bowers* did not depend on

18  whether the correctional officer had been named in the plaintiff's grievance. *See Bowers*, 1 F.4th

19  at 518.

20        A grievance need only "provide enough information . . . to allow prison officials to take

21  appropriate responsive measures." *Griffin v. Arpaio*, 557 F.3d 1117, 1121 (9th Cir. 2009)

22  (omission in original) (quoting *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004)). Naming

23  Officer Severson is not necessary to allow Pierce County to respond appropriately to grievances

REPORT AND RECOMMENDATION - 8

about inmate classification. The Court concludes Defendants have not established as a matter of law that failure to name Officer Severson in a grievance is fatal to Plaintiff's claim against Pierce County. Accordingly, the Court recommends Defendants' Motion be denied as to claims against Pierce County.

## IV.   CONCLUSION

Based on the foregoing, the Court recommends that: (1) Plaintiff's Motion (dkt. # 21) be GRANTED; and (2) Defendants' Motion (dkt. # 18) be GRANTED in part and DENIED in part. The Court recommends Plaintiff's claims against Officer Hamilton and Officer Severson be dismissed without prejudice.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 5, 2024**.

The Clerk is directed to send copies of this Order to the parties and to the Honorable Robert Bryan.

Dated this 8th day of March, 2024.

_____
MICHELLE L. PETERSON
United States Magistrate Judge