UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KRISTOPHER S. STARKGRAF,

        Plaintiff,

v.

WHITE, *et al.*,

        Defendants.

Case No. 3:23-cv-05593-RJB-MLP

ORDER DENYING APPOINTMENT OF COUNSEL AND REPORT AND RECOMMENDATION ON MOTION FOR PRELIMINARY INJUNCTION

## I.    INTRODUCTION

This matter is before the Court on Plaintiff Kristopher S. Starkgraf's ("Plaintiff"): (1) Motion for Preliminary Injunction (dkt. # 26); and (2) Motion for Appointment of Counsel (dkt. # 29). Defendants Pierce County and Corrections Officers White, Place, Antone, and Avega (collectively, "Defendants") filed oppositions to both motions (dkt. ## 27, 30), and Plaintiff filed a reply in support of his Motion for Preliminary Injunction (dkt. # 30). Having considered the parties' submissions, the governing law, and the balance of the record, the Court DENIES Plaintiff's Motion for Appointment of Counsel (dkt. # 29) and recommends Plaintiff's Motion for Preliminary Injunction (dkt. # 26) be DENIED.

ORDER DENYING APPOINTMENT OF
COUNSEL AND REPORT AND
RECOMMENDATION ON MOTION FOR
PRELIMINARY INJUNCTION - 1

## II.  BACKGROUND

Plaintiff alleges Fourteenth Amendment due process claims against Pierce County for disregarding an obvious and substantial risk of harm created by their failure to properly screen mentally-ill detainees for housing classification. (*See* dkt. # 25 at 2.) As a result, Plaintiff alleges he was moved to inappropriate housing where he was attacked by other inmates on June 18, 2023, causing him head, neck, and jaw injuries. (*Id.*) Plaintiff brings First and Fourteenth Amendment and assault claims against Officer White, alleging that after the attack by the inmates, Officer White used excessive force and retaliated against Plaintiff's exercise of free speech, causing injury to his wrist, face, and shoulder. (*Id.* at 3.) During that incident, Plaintiff alleges Officers Place, Avega, and Antone acted with deliberate indifference by watching as Officer White injured him and failing to intervene. (*Id.*)

## III.  DISCUSSION

### A.  Plaintiff's Motion for Preliminary Injunction

Plaintiff contends the "Pierce County Jail Facilit[y's] errors in classification screening of mentally ill detainees" have resulted in two mentally-ill detainees committing suicide by "jumping off of the upper t[ie]r stairwell where there is no safety fence [protecting them from] the exposed drop on the staircase[.]" (Dkt. # 26 at 1.) Plaintiff seeks a preliminary injunction ordering Pierce County Jail "to install a safety fence along the stairwells" of housing units 2-A, 2-B, 2-C, and 2-D. (*Id.* at 2.)

Defendants contend preliminary injunction should be denied because: (1) the requested relief is not pled in Plaintiff's amended complaint; (2) the motion relies on "allegations without evidence about unknown individuals"; and (3) Plaintiff admits the requested relief would not apply to him as he is not at risk of jumping off the stairwell. (Dkt. # 27 at 2.)

On reply, Plaintiff contends he pled injunctive relief by requesting "any other equitable relief" that the Court deems necessary. (Dkt. # 28 at 1.) Plaintiff contends he has presented "evidence of specific dates and time-frames of multiple events[.]" (*Id.*) Plaintiff argues he may suffer irreparable injury by being exposed to other detainees committing suicide. (*Id.* at 3.)

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the party is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). In assessing whether issuance of an injunction is appropriate, the Court first considers the nature of the injunction being requested. A prohibitory injunction preserves the status quo while litigation is pending, and a mandatory injunction provides preliminary relief well beyond maintaining the status quo. *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994). Mandatory preliminary injunctions are disfavored, and "the district court should deny such relief 'unless the facts and law clearly favor the moving party.'" *Id*. (quoting *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976)).

Here, Plaintiff does not seek to maintain the status quo, but to have new safety fencing installed. The relief he seeks is a mandatory injunction and his request is therefore subject to a higher degree of scrutiny. To obtain a preliminary injunction, "there must exist a relationship between the injury claimed in a motion for injunctive relief and the conduct alleged in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 638 (9th Cir. 2015). "The relationship . . . is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* at 636 (quoting *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

In his amended complaint, Plaintiff alleges: (1) mentally-ill detainees are not properly screened for housing classification, which resulted in his placement in general population where he was attacked by other inmates; and (2) Officer White assaulted Plaintiff while Officers Place, Avega, and Antone watched but failed to intervene. Plaintiff's Motion for Preliminary Injunction appears to relate to the former claim, as Plaintiff contends "errors in classification screening of mentally ill detainees" have resulted in two detainees committing suicide this year by jumping off upper tier stairwells. (Dkt. # 26 at 1.) Plaintiff seeks to prevent further suicides with stairwell fencing. (*Id.* at 2.) Plaintiff expressly states that he himself is "not at risk of jumping off of the stairs[.]" (*Id.* at 3.)

The injury claimed in Plaintiff's motion for injunctive relief lacks a sufficient nexus to the conduct alleged in his amended complaint. Plaintiff's complaint alleges the lack of classification screening led to him being physically attacked by other detainees, while his motion focuses on the risk of other detainees committing suicide. Although Plaintiff attempts to link the two issues by attributing both to improper screening, the risk of suicide appears to be based on the physical layout of the housing, not on who else is housed in the same area. The amended complaint contains no claim related to seeking changes to physical characteristics of the housing at Pierce County Jail. The request in his prayer for relief for "other just and equitable relief that [the Court] deems necessary" does not broaden his claims to encompass any relief that could conceivably be related to improper classification screening. (Am. Compl. at 60.)

Absent a clear nexus between the conduct alleged in the complaint and the requested injunctive relief, issuance of injunction is impermissible. *See McDonald v. Kariko*, 2020 WL 8513794, at *3 (W.D. Wash. Dec. 7, 2020), *report and recommendation adopted*, 2021 WL 615356 (W.D. Wash. Feb. 17, 2021) ("Plaintiff cannot establish a likelihood of success on the

1  merits" absent a nexus between the motion and his complaint.). Plaintiff has not shown that the

2  facts and law clearly favor granting his motion. Plaintiff's motion for preliminary injunction

3  should therefore be denied.

        **B.**       **Plaintiff's Motion to Appoint Counsel**

5        Plaintiff contends counsel should be appointed because he has shown potential for

6  success on the merits, having survived screening under 28 U.S.C. § 1915(e) as well as a motion

7  to dismiss, and because the litigation will require experts and factual investigation he cannot

8  handle while detained. (Dkt. # 29 at 1.) Defendants argue the litigation is not complex and

9  Plaintiff has demonstrated the ability to present his claims. (Dkt. # 30 at 2-3.)

10       Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141

11 F.3d 927, 931 (9th Cir. 1998). In certain "exceptional circumstances," the Court may request the

12 voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1).

13 *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining

14 whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the

15 merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the

16 complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

17       The Court finds Plaintiff has demonstrated the ability to articulate his claims *pro se*.

18 Following the Court's screening of his original complaint under 28 U.S.C. § 1915A, Plaintiff

19 was able to sufficiently identify the factual and legal bases of his claims for the Court to

20 conclude his amended complaint should be served. (Dkt. ## 10, 13.) Plaintiff further defeated a

21 motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Dkt. ## 18, 22, 25, 32.) The claims against

22 Officers White, Place, Avega, and Antone do not appear legally or factually complex, and the

ORDER DENYING APPOINTMENT OF
COUNSEL AND REPORT AND
RECOMMENDATION ON MOTION FOR
PRELIMINARY INJUNCTION - 5

1  Court cannot yet determine the complexity of the issues involved in the screening classification
2  claims against Pierce County.
3        Moreover, at this early stage of litigation, the record is not yet sufficiently developed for
4  this Court to determine Plaintiff's likelihood of success on the merits. While the motion to
5  dismiss tested the legal bases for Plaintiff's claims, no discovery has yet taken place to test the
6  factual bases.
7        Based on the information available to the Court at this juncture, Plaintiff has not
8  demonstrated that his case involves exceptional circumstances warranting the appointment of
9  counsel. Accordingly, Plaintiff's motion to appoint counsel is denied without prejudice to
10 refiling if new information becomes available.

### IV. CONCLUSION

12       For the foregoing reasons, the Court DENIES Plaintiff's Motion to Appoint Counsel (dkt.
13 # 29) and recommends Plaintiff's Motion for Preliminary Injunction (dkt. # 26) be DENIED. A
14 proposed Order accompanies this Report and Recommendation.
15       Objections to this Report and Recommendation must be filed with the Clerk and served
16 upon all parties not later than **twenty-one (21) days** from the date on which this Report and
17 Recommendation is signed. Failure to file objections within the specified time may affect your
18 right to appeal. Objections should be noted for consideration on the District Judge's motions
19 calendar **twenty-one (21) days** from the date they are filed. Responses to objections may be filed
20 within **fifteen (15) days** after service of objections. If no timely objections are filed, the matter
21 will be ready for consideration by the District Judge on **June 3, 2024**.
22       The Clerk is directed to send copies of this order to the parties and to the Honorable
23 Robert Bryan.

Dated this 10th day of May, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge