UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTOPHER S. STARKGRAF,

           Plaintiff,

   v.

WHITE, *et al.*,

           Defendants.

Case No. C23-5593-RJB-MLP

PRETRIAL SCHEDULING ORDER

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Defendants have filed an answer to Plaintiff's amended complaint. (Dkt. # 33.) Accordingly, the Court hereby establishes the following pretrial schedule:

    (1)    <u>Discovery</u>

All discovery shall be completed by **September 9, 2024**. Service of responses to interrogatories, requests for production, and requests for admissions, and the taking of depositions, shall be completed by this date. The Federal Rules of Civil Procedure require that responses to discovery requests be served within thirty (30) days after service. *See* Fed. R. Civ. P. 30, 33(b)(2), 34(b)(2)(A), 36(a)(3). The serving party, therefore, must serve his/her discovery

PRETRIAL SCHEDULING ORDER - 1

requests at least thirty (30) days before the deadline in order to allow the other party time to answer.

    (2)    <u>Dispositive Motions</u>

Any dispositive motion shall be filed and served on or before **October 9, 2024**. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar. Dispositive motions shall be noted for consideration on a date no earlier than 28 days following filing and service of the motion. LCR 7(d)(3).

All briefs and supporting evidence in opposition to any motion shall be filed and served pursuant to the requirements of Rule 7 of the Federal Rules of Civil Procedure and LCR 7. The party making a motion may file and serve a reply to the opposing party's brief. Any reply brief shall also be filed and served pursuant to the requirements of Rule 7 of the Federal Rules of Civil Procedure and LCR 7.

Defendants are reminded that they MUST serve a *Rand* notice, in a separate document, concurrently with motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely, and adequate notice of what is required of them in order to oppose such motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any

PRETRIAL SCHEDULING ORDER - 2

fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added). Defendants who fail to file and serve the required *Rand* notice on the Plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

   (3) <u>Joint Pretrial Statement</u>

  The parties are advised that a due date for filing a Joint Pretrial Statement may be established at a later date pending the outcome of any dispositive motions.

   (4) <u>Proof of Service and Sanctions</u>

  All motions, pretrial statements and other filings shall be accompanied by proof that such documents have been served upon counsel for the opposing party or upon any party acting *pro se*. The proof of service shall show the day and manner of service and may be by written acknowledgment of service, by certificate of a member of the bar of this Court, by affidavit of the person who served the papers, or by any other proof satisfactory to the Court. Failure to comply with the provisions of the Order can result in dismissal/default judgment or other appropriate sanctions.

   (5) The Clerk of Court is directed to send a copy of this Order to Plaintiff and to counsel for Defendants.

PRETRIAL SCHEDULING ORDER - 3

1 | Dated this 12th day of June, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge