UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KRISTOPHER S. STARKGRAF,

           Plaintiff,

   v.

WHITE, *et al.*,

           Defendants.

Case No. C23-5593-RJB-MLP

ORDER

      This is a 42 U.S.C. § 1983 prisoner civil rights action in which Plaintiff Kristopher Starkgraf alleges claims for failure to protect, excessive force, and retaliation for First Amendment activity. (Am. Compl. (dkt. # 10).) This matter is before the Court on Defendants Pierce County and Corrections Officers Anthony White, Jessica Place, Patty Antone, Jeff Hamilton, Shanlynn Avega, and Rocklin Severson's (collectively, "Defendants") Motion for Order Permitting Filing of Documents under Seal Pursuant to Local Civil Rule ("LCR") 5(g). (Mot. (dkt. # 47).) Defendants assert that Plaintiff "remains incarcerated at the Pierce County Jail" and that they "were not able to meet and confer with him regarding sealing records."[1] (*Id.* at 2.) No response or reply to the Motion was filed.

---

[1] Given the relative positions of the parties, it is unclear to the Court why Defendants could not meet and confer with Plaintiff.

ORDER - 1

Defendants seek to file under seal the unredacted versions of their summary judgment motion and certain "declarations and exhibits attached thereto." (*See* Mot. at 1, 3; *see* dkt. ## 40, 48.) The declarations and exhibits are not specified in the motion, but Defendants have filed the following exhibits provisionally under seal: Exhibits 1-6 to Frank A. Cornelius's first declaration, Exhibits 1-17 to Donavan Vadala's declaration, Exhibit 1 to Officer White's declaration, Exhibit 1 to Officer Place's declaration, and Exhibit 1 to Mr. Cornelius's second declaration. (Dkt. ## 49-52, 57.)

Under LCR 5(g), "[t]here is a strong presumption of public access to the court's files." *See also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This presumption is echoed by the Ninth Circuit, which recognized that "judicial records are public documents almost by definition, and the public is entitled to access by default." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). To rebut the presumption of public access, a party seeking to seal must submit a motion that includes a certification that they have conferred with all parties and that specifies the reasons for sealing. LCR 5(g)(3)(B). The party must detail the legitimate interests that warrant sealing, the harm that would result from public disclosure, and why a less restrictive alternative is not sufficient. *Id.* When the documents to be sealed are filed in support of a motion that is closely related to the merits of the action, a movant must present compelling reasons for overcoming the presumption in favor of public access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016).

Defendants argue that their summary judgment motion and exhibits should be sealed because "[t]he need to protect medical privacy qualifies in general as a 'compelling reason.'" (Mot. at 2.) Defendants point to the Health Insurance Portability and Accountability Act ("HIPAA") to support their position. (*Id.* at 1-2 (citing Pub. L. 104-191 (1996)).) Some of the

ORDER - 2

1   documents Defendants seek to seal are indeed medical records. (*See* dkt. ## 49-1 to 49-5, 57.)

2   However, not all the documents Defendants seek to seal are medical records or contain medical

3   information. One exhibit is an order establishing conditions of release that was filed in open

4   court. (Dkt. # 49, Ex. 1.) Other exhibits include an inmate information booklet and a corrections

5   policy that appear to be general documents, not specific to Plaintiff. (Dkt. # 50, Exs. 1-2.)

6   Additional materials include incident reports, grievance records, and inmate housing

7   classification records. (Dkt. ## 50-2 to 50-16, 51-52.) Defendants offer no explanation or

8   authority for why these documents meet the compelling reasons standard for sealing.

9       In addition, "[o]nly in rare circumstances should a party file a motion, opposition, or

10  reply under seal." LCR 5(g)(5). Defendants do not explain why compelling reasons overcome

11  the presumption against sealing a motion.

12      Plaintiff's Amended Complaint extensively references his mental and physical health,

13  thus placing his health records squarely at issue in this action. (*See, e.g.*, Am. Compl. at 9-11, 35-

14  36, 39, 53.) The summary judgment motion and exhibits Defendants seek to seal address the

15  merits of this action, requesting dismissal of all of Plaintiff's claims. (*See* dkt. # 40 at 13.) "[T]he

16  resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the

17  interest in ensuring the 'public's understanding of the judicial process and of significant public

18  events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798

19  F.2d 1289, 1294 (9th Cir. 1986)). Sealing Plaintiff's medical records thus requires "specific

20  compelling reasons" to overcome the public interest in access to judicial records. *Id.* at 1183.

21      While Defendants generally cite HIPAA in support of their Motion, they do not address

22  how HIPAA applies to judicial records or to the medical records at issue. (*See* Mot.)

23  Furthermore, Defendants offer no justification for sealing either the summary judgment motion

ORDER - 3

or non-medical exhibits. Defendants also do not address whether less restrictive alternatives, such as redaction, could protect Plaintiff's sensitive information adequately. *See* LCR 5(g)(1) ("A party must explore all alternatives to filing a document under seal."), (4) ("A party must minimize the number [and length] of documents it files under seal[.]"). Under these circumstances, the Court does not find compelling reasons to seal the requested documents.

Accordingly, the Court DENIES Defendants' Motion to Seal (dkt. # 47) without prejudice. Pursuant to LCR 5(g)(3)(A), Defendants are ORDERED to meet and confer with Plaintiff within **seven (7) days** of the date this Order is signed. Within **fourteen (14) days** of the date this Order is signed, Defendants may file a new motion to seal or may withdraw the documents filed provisionally under seal.

If no new motion is filed and the documents are not withdrawn by **November 22, 2024**, the Clerk is directed to unseal the documents (dkt. ## 49-52, 57). The Clerk is further directed to send copies of this Order to the parties and to the Honorable Robert Bryan, and to renote Defendants' motion for summary judgment (dkt. # 40) for consideration November 22, 2024.

Dated this 8th day of November, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4