UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KRISTOPHER S STARKGRAFT,<br><br>                 Plaintiff,<br>     v.<br><br>WHITE, Correctional Officer, Pierce County Sheriff's Department; PIERCE COUNTY SHERIFF'S DEPARTMENT; PLACE, Deputy Sergeant Corrections Officer, Pierce County Sheriff's Department; ANTONE, Corrections Officer, Pierce County Sheriff's Department; HAMILTON, Corrections Officer, Pierce County Sheriff's Department; AVEGA, Corrections Officer, Pierce County Sheriff's Department; PIERCE COUNTY; SEVERSON, Corrections Officer, Pierce County Jail,<br><br>                 Defendants. | CASE NO. 23-cv-5593 RJB-MLP<br><br>ORDER DENYING MOTION FOR RESTRAINING ORDER |

This matter comes before the Court on the Plaintiff's Motion Requesting Restraining Order. Dkt. 63. This motion is not referred to U.S. Magistrate Judge Michelle L. Peterson. The

ORDER DENYING MOTION FOR RESTRAINING ORDER - 1

Court has considered pleadings filed regarding the motion and the remaining file. It is fully advised.

In this 42 U.S.C. § 1983 case, *pro se* Plaintiff Kristopher Starkgraf asserts various federal and state claims against the Defendants in connection with his pretrial detention at the Pierce County, Washington jail. Dkt. 10. On December 12, 2024, the Plaintiff filed his motion requesting that Defendant Corrections Officer White be restrained from working or entering jail units in which the Plaintiff is housed. Dkt. 63.

On December 20, 2024, U.S. Magistrate Judge Peterson filed a Report and Recommendation that recommends Defendants' motion for summary judgment be granted, in part, and denied, in part, and makes recommendations on Defendants' motion to seal and motion to strike. Dkt. 65. The Report and Recommendation is noted for consideration on January 20, 2025, before U.S. District Court Robert J. Bryan.

## MOTION FOR RESTRAINING ORDER

The Plaintiff's motion for a restraining order is handwritten and difficult to read. Dkt. 63. He contends that Defendant Corrections Officer White should be restrained from jail units in which the Plaintiff is housed because, in retaliation for bringing this lawsuit against him, White failed to tell him when he needed to be available for a court appearance on December 6, 2024. *Id.*

The Defendants were given an opportunity to respond, which they did. Dkt. 66. They argue that the Plaintiff's motion is false and malicious. *Id.* They point to court records (dated December 19, 2024) in *Washington v. Starkgraf*, Pierce County, Washington Superior Court case number 23-1-00685-4, showing that the Plaintiff did not have any court proceedings from late

1    November through December 19, 2024.  Dkt. 66-1.  Further, there is no indication in superior

2    court case 23-1-00685-4 record that the Plaintiff missed a court appearance in 2024.  *Id.*

3        In his reply, the Plaintiff again argues that Corrections Officer White told him that he had

4    Court on December 6, 2024 and that Corrections Officer White "slipped" those who had court

5    out when Plaintiff left to change his shirt.  Dkt. 69.

6        It is unclear whether the Plaintiff seeks a temporary restraining order or a preliminary

7    injunction.  It is immaterial because the standard for a temporary restraining order and

8    preliminary injunction are "substantially identical."  *Stuhlbarg Int'l Sales Co. v. John D. Brush*

9    *& Co., Inc.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

10       Plaintiffs seeking a preliminary injunction must establish one of two tests.  *All. for the*

11   *Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017).  The first test requires plaintiffs to

12   show:  (1) that they are "likely to succeed on the merits," (2) that they are "likely to suffer

13   irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their]

14   favor," and (4) "an injunction is in the public interest." *Coffman v. Queen of Valley Med. Ctr.*,

15   895 F.3d 717, 725 (9th Cir. 2018)(*citing Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7

16   (2008)(*internal quotation marks omitted*)).  Under the second variant of the 9th Circuit's test for a

17   preliminary injunction, the "sliding scale" version of the *Winter* standard provides that "if a

18   plaintiff can only show that there are serious questions going to the merits—a lesser showing

19   than likelihood of success on the merits—then a preliminary injunction may still issue if the

20   balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are

21   satisfied." *All. for the Wild Rockies*, at 1217 (*internal quotation marks and citations omitted*).

22       The Plaintiff's motion for a restraining order (Dkt. 63) should be denied.  He has failed to

23   show that he is likely to succeed on the merits under the *Winter* test or that there are serious

24

ORDER DENYING MOTION FOR RESTRAINING ORDER - 3

1  questions going to the merits under the "sliding scale" version of the *Winter* test.  The Plaintiff
2  has not shown a likelihood of irreparable harm in the absence of relief or that the "balance of
3  equities tips in [his] favor" under the *Winter* test - much less that they "sharply" tip in his favor
4  under the "sliding scale" version of the *Winter* test.  His motion for an order restraining
5  Corrections Officer White from entering jail units in which the Plaintiff is housed (Dkt. 63)
6  should be denied.

**ORDER**

It is **ORDERED** that:

- The case referral to Judge Peterson **IS TERMINATED**; and
- The Plaintiff's Motion Requesting Restraining Order (Dkt. 63) **IS DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 15th day of January, 2025.

*[signature]*

ROBERT J. BRYAN
United States District Judge