UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KRISTOPHER S. STARKGRAF,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>WHITE et al.,<br><br>　　　　　　　Defendant. | CASE NO. 3:23-cv-05593-DGE<br><br>ORDER APPOINTING COUNSEL |

# I    INTRODUCTION

This matter comes before the Court on its own review of the record, and Plaintiff's oral request for appointment of counsel. Plaintiff, who is incarcerated in the Pierce County Jail, initiated this case on June 29, 2023, proceeding *pro se*. (See Dkt. No. 1.) On January 21, 2025, the Court (Bryan, J.) adopted a Report and Recommendation ("R&R") denying summary judgment as to two of Plaintiffs' claims: use of excessive force by Officer White, and failure to intervene on the part of Officers Place, Avega, and Anton. (*See* Dkt. Nos. 65 at 16–20; Dkt. No. 71.) The same day, the case was referred to the Undersigned. Discovery is closed and

ORDER APPOINTING COUNSEL - 1

dispositive motions have been decided.  (*See* Dkt. Nos. 36, 71.)  On January 30, 2025, the Parties submitted a Joint Status Report indicating their trial availability, and on February 14, 2025, the Court held a status hearing to set a trial date.  (*See* Dkt. Nos. 75, 78.)  Upon reviewing the record, the Court determined that the assistance of counsel may be helpful in presenting the matter for a jury trial and/or conducting settlement negotiations.  During the February 14 status hearing, the Court inquired if Plaintiff would want counsel to be appointed, and he answered in the affirmative.  (*See* Dkt. No. 78.)  The Court then declined to set a trial date, so that if counsel can be identified, the Court can consider their availability in setting a date.  (*See id.*)  The Court now construes Plaintiff's response as a motion for appointment of counsel, GRANTS the motion subject to the availability of counsel, and REFERS this matter to the Western District of Washington's Pro Bono Panel, to determine if pro bono counsel is available.

## II     LEGAL STANDARD

"[T]here is no absolute right to counsel in civil proceedings."  *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  And federal courts lack the authority "to make coercive appointments of counsel."  *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989).  But districts courts have two sources of discretion to appoint counsel in a civil proceeding.  First, if the district court finds exceptional circumstances, it may request appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1).  *See Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'"  *Id.*  (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935

ORDER APPOINTING COUNSEL - 2

1   F.2d 1015, 1017 (9th Cir. 1991).  Second, district courts have inherent authority to appoint

2   counsel in civil proceedings when necessary to aid the court in its judicial function.  *See Perez v.*

3   *Barr*, 957 F.3d 958, 965 (9th Cir. 2020) "It has long been recognized that courts have the

4   inherent authority to appoint counsel when necessary to the exercise of their judicial function,

5   even absent express statutory authorization." *Id.*  "'Courts have (at least in the absence of

6   legislation to the contrary) inherent power to provide themselves with appropriate instruments

7   required for the performance of their duties [and t]his power includes authority to appoint

8   persons unconnected with the court to aid judges in the performance of specific judicial duties, as

9   they may arise in the progress of a cause.'"  *Id.*  (quoting *Ex Parte Peterson*, 253 U.S. 300, 312

10  (1920) (citation omitted)).  "This inherent judicial authority has been codified in the All Writs

11  Act, which provides that '[t]he Supreme Court and all courts established by Act of Congress may

12  issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the

13  usages and principles of law.'"  *Id.*  (quoting 28 U.S.C. § 1651(a)).

### III   DISCUSSION

15      Here, the Court finds that appointment of counsel would aid the Court in exercise of its

16  judicial function.  While the Court is unable to conclude if Plaintiff is more likely than not to

17  succeed on the merits, he has succeeded at presenting triable fact questions on two claims and

18  surviving summary judgment—indicating at least some level of merit.  To this point, Plaintiff

19  has had sufficient competence to make it to this stage of litigation on his own.  However, the

20  Court finds that the participation of counsel would greatly assist in effectively preparing for

21  trial—including filing and responding to pre-trial motions and creating exhibit lists—and

22  presenting the case to a jury.  In the Court's experience, those tasks would be difficult for any

23  incarcerated plaintiff to do on his own, let alone one who self-represents that he is a "mentally-ill

24

ORDER APPOINTING COUNSEL - 3

detainee." (Dkt. No. 10 at 9.)  As a result, proceeding without counsel may impose burdens and inefficiencies on both the Court and Parties alike.  Further, appointment of counsel may facilitate settlement negotiations, which could benefit all Parties by avoiding the time and expense required for trial.

### IV   CONCLUSION

For these reasons, the Court issues this Order granting appointment of counsel and referring this matter to the Western District's Pro Bono Panel.  The Court cautions that it cannot guarantee whether any attorney who is available and willing to accept this appointment will be identified, so this Order does not necessarily mean an attorney will eventually be appointed, and Plaintiff may remain unrepresented.  If an attorney is identified, the scope of the engagement will ultimately be between the attorney and the client.  If the Court cannot locate an attorney who is willing to provide representation, the Court will notify the parties by docket entry, stating that the inquiry did not succeed.

For the benefit of any counsel considering accepting the appointment, the Court notes that the only current outstanding deadline in this case is a status hearing set for March 13, 2025, which may be adjourned.  (*See* Dkt. No. 78.)

Dated this 18th day of February, 2025.

David G. Estudillo
United States District Judge